**Nos. 22-3497, -3702**

# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

HUNTER DOSTER, JASON ANDERSON, MCKENNA COLANTANIO, PAUL CLEMENT, JOE DILLS, BENJAMIN LEIBY, BRETT MARTIN, CONNOR MCCORMICK, HEIDI MOSHER, PETER NORRIS, PATRICK POTTINGER, ALEX RAMSPERGER, BENJAMIN RINALDI, DOUGLAS RUYLE, CHRISTOPHER SCHULDES, EDWARD STAPANON III, ADAM THERIAULT, DANIEL REINEKE, on behalf of themselves and others similarly situated,

Plaintiffs-Appellees,

v.

FRANK KENDALL, in his official capacity as Secretary of the Air Force, ROBERT I. MILLER, in his official capacity as Surgeon General of the Air Force, MARSHALL B. WEBB, in his official capacity as Commander, Air Education and Training Command, RICHARD W. SCOBEE, in his official capacity as Commander, Air Force Reserve Command, JAMES C. SLIFE, in his official capacity as Commander, Air Force Special Operations Command, UNITED STATES OF AMERICA,

Defendants-Appellants.

On Appeal from the United States District Court for the Southern District of Ohio

## PETITION FOR PANEL REHEARING OR REHEARING EN BANC

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

KENNETH L. PARKER
*United States Attorney*

CHARLES W. SCARBOROUGH
CASEN B. ROSS
DANIEL WINIK
*Attorneys, Appellate Staff*
*Civil Division, Room 7245*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 305-8849*

## INTRODUCTION

These appeals arise from preliminary injunctions against the enforcement of the Air Force's COVID-19 vaccination requirement. But that requirement has now been rescinded, so the appeals are moot, and both the panel opinion and the preliminary injunctions should accordingly be vacated.

"In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of" an actual controversy between the parties, and the Supreme Court has "repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 86, 90-91 (2013). If a "dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights,'" it is moot—and the federal courts accordingly lack power to rule on it—"[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit." *Id.* at 91. And "[w]hen a civil case becomes moot" after a decision has been issued but before the losing party has the opportunity to obtain further review, "the established practice" under *United States v. Munsingwear*, 340 U.S. 36, 39 (1950), "is to reverse or vacate" the decision so as "to avoid entrenching a decision rendered unreviewable through no fault of the losing party." *Stewart v. Blackwell*, 473 F.3d 692, 693 (6th Cir. 2007) (en banc) (quotation marks omitted).

That is the appropriate course here. The preliminary injunctions affirmed by the panel bar the Air Force "from taking any disciplinary or separation measures against"

plaintiffs "for their refusal to" comply with the military's COVID-19 vaccination requirement. *Doster v. Kendall*, 596 F. Supp. 3d 995, 1023 (S.D. Ohio 2022); *see Doster v. Kendall*, 2022 WL 2974733, at *1 (S.D. Ohio July 27, 2022) (extending class-wide the injunction against "taking, furthering, or continuing any disciplinary or separation measures" for violation of the COVID-19 vaccination requirement). But because the Secretary of Defense has now implemented a congressional directive and rescinded the requirement under which plaintiffs feared discipline, it no longer makes any practical difference whether the enforcement of that requirement is preliminarily enjoined. The parties thus have no concrete stake in the resolution of these appeals. And because the mootness of the appeals prevents the government from seeking en banc or Supreme Court review of the merits of the panel's opinion affirming the preliminary injunctions, that opinion should be vacated "to avoid entrenching" its holdings on exceptionally important issues—including the deference that courts owe to the military's operational judgments—without the opportunity for further review. *Stewart*, 473 F.3d at 693. The preliminary injunctions from which these appeals arise should also be vacated, given the government's inability to obtain further review. If the panel declines to take these steps, then the en banc Court should do so.

## STATEMENT

1. On August 9, 2021, the Secretary of Defense—noting how COVID-19 had harmed military readiness—announced that by mid-September he would add the COVID-19 vaccine to the list of nine others required of all service members. He did

so two weeks later, after the Food and Drug Administration had approved a biologics license for the first such vaccine.

As with other vaccines, the military allowed service members to seek exemptions from the COVID-19 vaccination requirement for a variety of reasons, including on the ground that receiving the vaccine would substantially burden their exercise of sincerely held religious beliefs. The named plaintiffs—18 active-duty and active-reservist members of the Air Force—filed this putative class action in February 2022, alleging that the Air Force violated the Religious Freedom Restoration Act (RFRA) and the First Amendment's Free Exercise Clause when it declined to exempt them from the COVID-19 vaccination requirement on religious grounds.

2. The district court entered a preliminary injunction barring the Air Force "from taking any disciplinary or separation measures against the Plaintiffs named in this action for their refusal to get vaccinated for COVID-19 due to their sincerely held religious beliefs," as well "from taking any adverse action against Plaintiffs on the basis of this lawsuit or their request for religious accommodation from the COVID-19 vaccine." *Doster v. Kendall*, 596 F. Supp. 3d 995, 1023 (S.D. Ohio 2022). The government appealed.

The district court then certified a plaintiff class including "[a]ll active-duty and active reserve members of the" Air Force and Space Force who sought religious exemptions from the COVID-19 vaccination requirement, and who "were confirmed as having had a sincerely held religious belief," but whose requests were not granted. *Doster v. Kendall*, 342 F.R.D. 117, 128-129 (S.D. Ohio 2022). And it extended the preliminary

injunction to that class, barring the Air Force from "taking, furthering, or continuing any disciplinary or separation measures against the members of the Class for their refusal to receive the COVID-19 vaccine," as well as "from taking any adverse action against any Class Member on the basis of this lawsuit or his request for religious accommodation from the COVID-19 vaccine." *Doster v. Kendall*, 2022 WL 2974733, at *1-2 (S.D. Ohio July 27, 2022); *see also Doster v. Kendall*, 2022 WL 3576245 (S.D. Ohio Aug. 19, 2022) (modifying class definition and scope of injunction). The government appealed that injunction as well and sought a stay pending appeal.

3. A motions panel denied a stay of the class-wide injunction in a published, precedential opinion. *Doster v. Kendall*, 48 F.4th 608 (6th Cir. 2022). The same panel then affirmed both injunctions. *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022). In addition to concluding that the plaintiffs were likely to prevail on their RFRA claims, and that the district court did not err in certifying a class, the panel addressed various issues of exceptional importance well beyond this particular dispute. For example, the panel discussed at length the nature and limits of "the judiciary's power to 'abstain' from reviewing claims against the military," *id.* at 411; *see id.* at 410-415. And it interpreted RFRA as sharply limiting "the 'great deference' that the Supreme Court had previously given to the military under the Free Exercise Clause." *Id.* at 426-427.

4. Several weeks after the merits panel issued its opinion, the President signed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023

(NDAA), Pub. L. No. 117-263, 136 Stat. 2395 (2022). Section 525 of the NDAA, enacted over the objection of the Department of Defense, directed the Secretary of Defense to rescind the requirement "that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding 'Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members.'" 136 Stat. at 2571-2572; *see, e.g.*, Transcript of Press Briefing by Deputy Pentagon Press Secretary (Dec. 7, 2022) (Secretary of Defense "supports continuing the vaccine mandate in the NDAA"), https://perma.cc/EXQ2-FNBN.

On January 10, the Secretary of Defense issued a memorandum carrying out Section 525. RE100-1, PageID #5169-5170. The memorandum rescinded the COVID-19 vaccination requirement for military service members. It provides that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds," that "[t]he Military Departments will update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand," and that "[t]he Secretaries of the Military Departments will … cease any ongoing reviews of current Service member religious, administrative, or medical accommodation requests solely for exemption from the COVID-19 vaccine or appeals of denials of such requests." *Id.* It explains that "[o]ther standing Department policies, procedures, and processes regarding immunizations remain in effect," including "the ability of commanders to consider,

as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation." *Id.* PageID #5170.

On January 23, the Secretary of the Air Force issued an additional memorandum rescinding prior guidance implementing the COVID-19 vaccination requirement for the Air Force and Space Force. RE101-1, PageID #5176. The memorandum explained inter alia that "[n]o individuals currently serving in the Department of the Air Force shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious" or other grounds; that "[t]he Department of the Air Force will update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand"; and that the Department "will cease any ongoing reviews of current" requests for exemption from the COVID-19 vaccination requirement "or appeals of denials of such requests." *Id.* Consistent with the memoranda discussed above, the Department of the Air Force has already removed the letters of reprimand from the records of the four named plaintiffs who had received such letters on account of their noncompliance with the now-rescinded COVID-19 vaccination requirement.

Finally, on February 10, the Chief of the Air Force Reserve issued a memorandum rescinding the Reserve's prior policies limiting participation by unvaccinated service members. RE105-2, PageID #5335. The memorandum explains that "COVID-19 vaccination status is no longer a barrier to service in the" Reserve. *Id.*

The Air Force and Department of Defense will continue to take steps to fully implement the rescission of the COVID-19 vaccination requirement.

## ARGUMENT

### I. These Appeals Are Now Moot

The Secretary of Defense's rescission of the COVID-19 vaccination requirement, and the Secretary of the Air Force's implementation of that directive, have mooted these appeals from preliminary injunctions against the enforcement of the requirement: The presence or absence of a preliminary injunction no longer has any effect on whether the defunct requirement will be enforced.

As this Court recently explained in an en banc decision, a case becomes moot when, "'as a result of events during the pendency of the litigation[,] the court's decision would lack any practical effect.'" *Resurrection School v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 372 (2022). And "a preliminary-injunction appeal," in particular, becomes moot when this Court's decision would have no "'practical effect'" as to whether the plaintiffs' rights are protected "during th[e] window of time" "'before the district court enters a final judgment.'" *Id.* In *Resurrection School*, the en banc Court held that an appeal from the denial of a preliminary injunction against the enforcement of a mask mandate became moot when the State "rescinded the mandate" at issue. *Id.*

The same is true here. The preliminary injunctions bar the Air Force "from taking any disciplinary or separation measures against" plaintiffs "for their refusal to"

comply with the military's COVID-19 vaccination requirement. *Doster v. Kendall*, 596 F. Supp. 3d 995, 1023 (S.D. Ohio 2022); *see Doster v. Kendall*, 2022 WL 2974733, at *1 (S.D. Ohio July 27, 2022) (extending class-wide the injunction against "taking, furthering, or continuing any disciplinary or separation measures" for violation of the COVID-19 vaccination requirement). But the Secretary of Defense has now rescinded that requirement as directed by Congress; plaintiffs are no longer in noncompliance. The presence or absence of a preliminary injunction thus has no "'practical effect,'" *Resurrection School*, 35 F.4th at 528. With or without the preliminary injunctions, plaintiffs can no longer be disciplined "for their refusal to" comply with a requirement that no longer exists, 596 F. Supp. 3d at 1023.

Plaintiffs may suggest that the rescission of the vaccination requirement does not moot these appeals because it leaves in place any adverse action that the military has already taken against them. But the Secretary of Defense's rescission memorandum specifically directs the military services to "update the records of" individuals who sought exemptions to the vaccination requirement, including plaintiffs, "to remove any adverse actions solely associated with denials of such requests, including letters of reprimand." RE100-1, PageID #5169. The Secretary of the Air Force's memorandum confirms that "[t]he Department of the Air Force will update the records of such individuals to remove any adverse actions solely associated with denials of such requests, including letters of reprimand." RE101-1, PageID #5176. And as noted above, the Department of the Air Force has already taken that action with respect to the named

- 8 -

plaintiffs. Even if plaintiffs had a live claim for relief from past adverse actions, moreover, that would not mean a live controversy persists as to these appeals from the grant of preliminary injunctive relief, which is solely forward-looking and is not directed to those past actions. *See, e.g.*, *University of Texas v. Camenisch*, 451 U.S. 390, 393-394 (1981) (explaining that appeals from preliminary injunction can become moot even though other issues in underlying litigation remain live, and vacating court of appeals' opinion "[b]ecause the only issue presently before us—the correctness of the decision to grant a preliminary injunction—is moot"). The relevant question is whether the presence or absence of a preliminary injunction has a "'practical effect'" on whether plaintiffs' asserted rights are protected on a forward-looking basis, "during th[e] window of time" "'before the district court enters a final judgment.'" *Resurrection School*, 35 F.4th at 528. It does not.

The Secretary of Defense's rescission memorandum notes that, consistent with "standing Departmental policies, procedures, and processes regarding immunizations," military commanders remain free "to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation." RE100-1, PageID #5170. In other words, to the extent plaintiffs remain unvaccinated against COVID-19, that choice could potentially affect the military's future "deployment, assignment, and other operational decisions." *Id.* But any such consequence is currently speculative and, even if it came to pass, would not follow from

plaintiffs' noncompliance with the now-rescinded vaccination requirement. And any such prospect does not cause these appeals to remain live, because the preliminary injunctions under review *already* permit the Air Force to consider vaccination status in making deployment, assignment, and other operational decisions. *See Doster v. Kendall*, 2022 WL 3576245, at *4 (S.D. Ohio Aug. 19, 2022).

No exception to mootness is applicable here. The voluntary-cessation exception is inapplicable because this Court "presume[s]" that "[g]overnment defendants … will not resume their challenged conduct unless objective evidence suggests that they have made a bad-faith change to avoid judicial review." *Davis v. Colerain Township*, 51 F.4th 164, 174-175 (6th Cir. 2022). That evidence is plainly absent where, as here, defendants have "made the change because of something external to the plaintiff's suit," *id.* at 175—in this case because Congress specifically directed the Secretary to do so, over objections raised by the Department of Defense. Thus, for example, this Court held "that federal challenges to a governor's stay-at-home orders were mooted by the governor's rescission of the orders when that rescission arose from a separate state supreme court opinion finding the orders invalid (rather than from the plaintiffs' suits)." *Id.* (citing *Thompson v. Whitmer*, 2022 WL 168395, at *3-4 (6th Cir. Jan. 19, 2022)). The same result is appropriate here. To the extent the military might in the future impose a different (*e.g.*, more limited) COVID-19 vaccination requirement, which is a purely speculative possibility, "any future" such requirement "likely would not present substantially

the same legal controversy as the one originally presented here." *Resurrection School*, 35 F.4th at 529.

The exception to mootness for injuries capable of repetition, but evading review, is equally inapplicable here. "That exception applies 'only in exceptional situations,' where (1) 'the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.'" *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016). Neither requirement is satisfied here. If the military were to subject plaintiffs to a new vaccination requirement and deny a requested religious accommodation—a possibility that is, again, purely speculative—there would be no likely impediment to resolving a challenge to that requirement before its "'cessation or expiration,'" *id.* And there is no "'reasonable expectation'" that any such requirement would be "'the same'" as the one that has now been rescinded, *id.* As discussed above, if the military or one of its services were to impose a different vaccination requirement—for example, one limited to service members who are going to deploy overseas to a particular locality that requires vaccination for entry—then any RFRA challenge to such a requirement would raise different issues than this case does, requiring a different and individualized analysis of any requests for exemptions from that requirement, such that the capable-of-repetition exception does not apply. *See Resurrection School*, 35 F.4th at 530 (rejecting application of capable-of-repetition exception because the court was "unlikely to see [the challenged] mandate in a similar form again").

- 11 -

## II. Given The Mootness Of These Appeals, The Panel Opinion And The Preliminary Injunctions Should Be Vacated

As noted at the outset, "[w]hen a civil case becomes moot" after a decision has been issued but before the losing party has the opportunity to obtain further review, "the established practice … is to reverse or vacate" the decision, so as "to avoid entrenching a decision rendered unreviewable through no fault of the losing party." *Stewart v. Blackwell*, 473 F.3d 692, 693 (6th Cir. 2007) (en banc) (quotation marks omitted). Applying that practice, the Court should vacate the panel opinion and the preliminary injunctions from which these appeals arise. *See, e.g.*, *Ohio State Conf. of NAACP v. Husted*, 2014 WL 10384647 (6th Cir. Oct. 1, 2014) (unpublished) (vacating preliminary injunction and panel opinion in appeal from preliminary injunction where the injunction "no longer ha[d] any effect").

1. Although mootness arising between the issuance of an appellate opinion and the issuance of the mandate is not common, courts of appeals have regularly vacated their opinions in that circumstance, because the losing party is deprived of an opportunity to seek further review of the opinions by the en banc Court or the Supreme Court. For example, in *Hirschfeld v. ATF*, 14 F.4th 322 (4th Cir. 2021), *cert. denied sub nom. Marshall v. ATF*, 142 S. Ct. 1447 (2022), the plaintiff challenged the constitutionality of federal laws that prevented her from buying a handgun when she was younger than 21 years old. When she turned 21 after the issuance of the opinion, but before the issuance of the mandate, the panel vacated its prior opinion in the plaintiff's favor.

The panel explained that doing so was consistent with the "'customary practice'" and would avoid entrenching precedent, while allowing future courts and the public to consider the majority and dissenting opinions for their "persuasive" value. *Id.* at 327-328; *see also, e.g.*, *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 355 F.3d 1203, 1204 (9th Cir. 2004); *Key Enters. of Del., Inc. v. Venice Hosp.*, 9 F.3d 893, 894 (11th Cir. 1993) (en banc) (per curiam); *Clarke v. United States*, 915 F.2d 699, 706 (D.C. Cir. 1990) (en banc).

As a leading treatise explains, the practice of vacating an opinion in a case that has become moot "during the time available to seek certiorari" is particularly "appropriate" given the Supreme Court's practice of vacating the courts of appeals' opinions in cases that become moot before the Supreme Court has an opportunity to review them. 13C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.10.3 (3d ed., Westlaw database update Apr. 2022); *see United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss."). Vacatur of the panel opinion is particularly appropriate here given the panel's precedential resolution of exceptionally important questions, including the deference that courts owe to the military's operational judgments in applying RFRA—a subject on which the Supreme Court recently intervened to partially stay an injunction against the rescinded vaccine requirement at issue in this case. *See Austin v. U.S. Navy Seals 1-26*, 142 S. Ct. 1301, 1302 (2022) (Kavanaugh, J.,

concurring) (explaining the "bedrock constitutional principle" that "'courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs'" (quoting *Department of the Navy v. Egan*, 484 U.S. 518, 530 (1988))).

For similar reasons, the Court should vacate the preliminary injunctions from which these appeals arise. Although the Court has sometimes declined to vacate preliminary-injunction rulings where appeals from them have become moot, on the theory that their interlocutory character deprives them of preclusive force, *see, e.g.*, *Radiant Glob. Logistics, Inc. v. Furstenau*, 951 F.3d 393, 397 (6th Cir. 2020) (per curiam), the Court has also regularly vacated preliminary-injunction rulings in such circumstances, *see, e.g.*, *Resurrection School*, 35 F.4th at 530; *Ohio v. EPA*, 969 F.3d 306, 310 (6th Cir. 2020). The latter course is appropriate here, given the breadth of the class-wide injunction and the gravity of "judicial intrusion into military affairs," *Austin*, 142 S. Ct. at 1302 (Kavanaugh, J., concurring).

## CONCLUSION

The Court should grant panel rehearing or rehearing en banc and vacate the panel opinion and the preliminary injunctions from which these appeals arise.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
    *General*

KENNETH L. PARKER
  *United States Attorney*

CHARLES W. SCARBOROUGH
SARAH W. CARROLL
LOWELL V. STURGILL JR.

 */s/ Casen B. Ross*
CASEN B. ROSS
DANIEL WINIK
SARAH J. CLARK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7270*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1923*
  *casen.ross@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limit of Federal Rule of Appellate Procedure 35(b)(2)(A) because it contains 3,558 words. The petition also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Garamond, a proportionally spaced typeface.

*/s/ Casen B. Ross*
Casen B. Ross