# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
# 𝔣𝔬𝔯 𝔱𝔥𝔢 𝔖𝔦𝔵𝔱𝔥 𝔆𝔦𝔯𝔠𝔲𝔦𝔱
## CASE NOS. 22-3497, 22-3702

HUNTER DOSTER; JASON ANDERSON; MCKENNA COLANTANIO; PAUL
CLEMENT; JOE DILLS; BENJAMIN LEIBY; BRETT MARTIN; CONNOR
MCCORMICK; HEIDI MOSHER; PETER NORRIS; PATRICK POTTINGER;
ALEX RAMSPERGER; BENJAMIN RINALDI; DOUGLAS RUYLE;
CHRISTOPHER SCHULDES; EDWARD STAPANON, III; ADAM
THERIAULT; DANIEL REINEKE, *on behalf of themselves and others similarly
situated*

<em>Plaintiffs/Appellees</em>

v.

HON. FRANK KENDALL, ROBERT MILLER, MARSHALL WEBB,
RICHARD SCOBEE, JAMES SLIFE, *all in their official capacities*, and UNITED
STATES OF AMERICA

<em>Defendants/Appellants</em>

---

On Appeal from the U.S. District Court<br>for the Southern District of Ohio, 1:22-cv-00084

---

## RESPONSE TO PETITION FOR REHEARING *EN BANC*

---

Christopher Wiest (OH 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
Tel:   513/257-1895
chris@cwiestlaw.com

Thomas B. Bruns (OH 51212)
Bruns Connell Vollmar & Armstrong
4555 Lake Forrest Drive, Suite 330
Cincinnati, Ohio 45242
Tel.:   513/312-9890
tbruns@bcvalaw.com

Aaron Siri
Elizabeth A. Brehm & Wendy Cox
Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel:   212/532-1091
wcox@sirillp.com
*Counsel for Plaintiffs/Appellees*

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................................................... i

TABLE OF AUTHORITIES.................................................................... ii

INTRODUCTION ................................................................................. 1

STATEMENT OF THE CASE AND FACTS ........................................ 1

SUMMARY OF THE ARGUMENT .................................................... 5

STANDARD OF REVIEW……………………………………………6

ARGUMENT ........................................................................................ 7

I.      The appeal is not moot because Plaintiffs, and members of the class, face ongoing criminal exposure due to non-compliance with orders to vaccinate…………………….....................................................7

II.     The appeal is not moot because the voluntary cessation doctrine applies…………………………………………………………….8

III.    The appeal is not moot because other mootness exceptions apply…….13

IV.    Vacatur is not appropriate where, if the case is moot at all, it was caused by the Government's voluntary conduct...................................15

CONCLUSION .....................................................................................17

CERTIFICATE OF SERVICE..............................................................18

CERTIFICATE OF COMPLIANCE………………………………..18

## TABLE OF AUTHORITIES

### Cases:

*A. Philip Randolph Inst. v. Husted*, 838 F.3d 699 (6th Cir. 2016)..........................12

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013).........................................................9

*Blankenship v. Secretary of HEW*, 587 F.2d 329 (6th Cir. 1978)..........................15

*Bowman v. Schwarzenegger*, 2009 U.S. Dist. LEXIS 24678 (ED Cal 2009)...........8

*Ctr. for Individual Freedom v. Tennant*, 706 F.3d 270 (4th Cir. 2013)...................8

*Chafin v. Chafin*, 568 U. S. 165 (2013)......................................................................6

*Chen v. Allstate Ins. Co.*, 819 F.3d 1136 (9th Cir. 2016).....................................6, 7

*City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982).......................9, 11

*Dean Foods Co. v. Tracy*, 990 F. Supp. 646 (W.D. Wis. 1997)...............................8

*Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980).........................15

*Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022).......................................................2

*Doster v. Kendall*, 48 F.4th 608 (6th Cir. 2022).......................................................2

*Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449 (2007).......13

*Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561 (1984).........................7

*First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765 (1978)....................................14

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000)....................................................................................9, 10

*Honig v. Doe*, 484 U.S. 305 (1988).......................................................................14

*Kingdomware Tech., Inc. v. United States*, 136 S. Ct. 1969 (2016).......................14

*Norman-Bloodsaw v. Lawrence Berkely Lab.*, 135 F.3d 1260 (9th Cir 1998)........11

*Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323 (6th Cir. 2007) ......12

*Parents Involved in Community Schools v. Seattle School Dist. No. 1*,
    551 U. S. 701 (2007)..................................................................................11, 12

*Ramsek v. Beshear*, 989 F.3d 494 (6th Cir. 2021) .....................................8, 16, 17

*Roe v. Wade*, 93 S. Ct. 705 (1973) ........................................................................14

*Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020)............14, 15

*Sacks v. Office of Foreign Assets Control*, 466 F.3d 764 (9th Cir. 2006) ............... 8

*Sanders v. United States*, 373 U.S. 1, 17 (1963)...................................................16

*Sibron v. New York*, 392 U.S. 40 (1968) ............................................................... 7

*Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019) ....................11, 12, 13

*Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498 (1911).....................................14

*Tandon v. Newsom*, 141 S. Ct. 1294 (2021) ..........................................................12

*Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012 (2017) ......10

*Turner v. Rogers*, 564 U.S. 431 (2011) ................................................................14

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994) ..................16

*United States v. Munsingware*, 340 U.S. 36 (1950)...........................................1, 16

*United States v. Sanchez-Gomez*, 138 S. Ct. 1532 (2018)......................................11

*United States v. W. T. Grant Co.*, 345 U.S. 629 (1953) .........................................13

*West Virginia v. EPA*, 142 S. Ct. 2587 (2022)....................................................... 6

*Wooten v. Housing Authority of Dallas*, 723 F.2d 390 (5th Cir. 1983)................7

**Statutes:**

10 U.S.C. § 890 ...................................................................................... 2

10 U.S.C. § 892……………………………………………………………….2

10 U.S.C. § 843……………………………………………………………….2, 3, 7

2022/2023 National Defense Authorization Act, available at
https://www.congress.gov/117/bills/hr7776/BILLS-117hr7776enr.pdf   ……….... 8

**Rules:**

FRAP 35.....................................................................................1, 5, 6, 17

**Other Sources:**

Manual for Court Martial, available at
https://jsc.defense.gov/Portals/99/Documents/2019%20MCM%20(Final)%20(2019
0108).pdf?ver=2019-01-11-115724-610 …………………………………………3

*Lawmakers question Pentagon brass on why troops who refused COVID vaccine
still face penalties*, Washington Post, February 28, 2023, available at
https://www.washingtontimes.com/news/2023/feb/28/pentagon-has-its-own-long-
covid-problem-over-dropp/  (last accessed 3/13/2023)……………………………3

Oral Argument, *Doster v. Kendall*, at 18:38-18:55, No. 22-3497 (6th Cir. Jul. 25,
2022).   Available at:
https://www.opn.ca6.uscourts.gov/internet/court_audio/aud2.php?link=audio/10-
19-2022%20-%20Wednesday/22-
3497%20Hunter%20Doster%20v%20Frank%20Kendall%20et%20al.mp3&name=
22-3497%20Hunter%20Doster%20v%20Frank%20Kendall%20et%20al ………..5

Secretary of Defense Memoranda on Vaccine Mandate Rescission,
https://media.defense.gov/2023/jan/10/2003143118/-1/-1/1/secretary-of-defense-
memo-on-rescission-of-coronavirus-disease-2019-vaccination-requirements-for-
members-of-the-armed-forces.pdf   …………………………………………9, 10, 11

**INTRODUCTION**

On February 13, 2023, Appellants (collectively called "the Government") filed a petition seeking rehearing *en banc*. That filing does not even pretend to comport with FRAP 35. Instead the Government contends that the appeal it filed and prosecuted to an unsuccessful conclusion is moot.[1] Not so. First, nothing in the National Defense Authorization Act ("NDAA") keeps the Government from re-imposing a similar mandate, only this time without the protections of a religious accommodation process. Second, airmen who violated orders to vaccinate continue to face prosecution for such non-compliance, despite repeal of the Vaccine Mandate. Third, voluntary cessation and other mootness exceptions apply. Finally, when, as here, the Government is largely voluntarily responsible for any mootness of an appeal, vacatur under *United States v. Munsingware*, 340 U.S. 36 (1950) is not appropriate.

---

[1] We do not understand the Government to argue that the entire *case* is moot. And it is not. Named Plaintiffs and members of the certified class suffer ongoing harm that has not been addressed to date. Military reservists, including Plaintiffs Joe Dills and Chris Schuldes, lost retirement points and pay that have not been rectified (see, e.g. DE#11-19, PageID#554, DE#36-2, PageID#2390-2391; Declaration Hernandez ¶ 14, DE#25-14, PageID#11). And Plaintiffs and class members recently filed declarations demonstrating ongoing harm. [Notice of Filing, DE#107, PageID#5357-5378]. Those harms form part of final relief sought in this case.

## STATEMENT OF THE CASE AND FACTS

This case involves claims under the Religious Freedom Restoration Act (42 U.S.C. 2000bb-1) challenging both the Department of the Air Force's Vaccine Mandate, and the discriminatory implementation and enforcement of it against sincere religious believers.  [Complaint, DE#1, PageID#1-22].  In two published decisions, a panel of this Court agreed with Plaintiffs.  Now, the Government ignore those decisions: *Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022); *Doster v. Kendall*, 48 F.4th 608 (6th Cir. 2022), and argue, without evidentiary support, that Plaintiffs' claims are moot.  Consequently, we address the Government's mootness arguments.

In late 2021 and early 2022, numerous named Plaintiffs and class members received direct orders to vaccinate, with threats of criminal penalties and court-martial.  (Appendix, DE#11-5, PageID#385-387 [Dills]; DE#11-19, PageID#551-552 [Schuldes]; DE#11-21, PageID#569-573 [Theriault]; DE#38-2, PageID#2632-2634 [Mosher]; DE#107-1, PageID#5359-5360 [Reineke]).  Their refusals to follow those orders can be charged under the Uniform Code of Military Justice.  10 U.S.C. § 890; 10 U.S.C. § 892.  Certain Plaintiffs confirm that the orders to vaccinate they received have not even been rescinded.  ([DE#107-1, PageID#5359-5360 [Reineke]; DE#107-2, PageID#5361-5362 [Colantonio]; DE#107-3, PageID#5363-5364 [Schuldes]).  There is a five-year statute of limitations for most military offenses, including failures to follow orders, and that period has not passed.  10 U.S. Code §

843. Potential penalties are not light and may involve years in a military prison.[2] Leaving no doubt, the Government provided testimony confirming such punishments and potential court-martial prosecutions. [Declaration Hernandez at ¶¶ 5, 8, 12-14, DE#25-14, PageID#1413-1419].

On February 28, 2023, top Pentagon officials acknowledged in testimony before Congress "that the Defense Department is still reviewing for potential 'disciplinary procedures' numerous cases of active-duty troops who refused the shot while the mandate was in force."[3] No less than the Undersecretary of Defense for Personnel and Readiness, Gilbert Cisneros, admitted "They're reviewing the cases because … they [disobeyed] a lawful order." *Id.*

Add to that the declaration of Master Sergeant Martinez, a paralegal at the Air Force's Military Justice Law & Policy Division at Joint Base Andrews, Maryland. [Dec. Martinez, DE#107-7, PageID#5374-5376]. She confirms that even after rescission of the mandate, the Air Force is continuing to maintain a database of vaccine refusers that it can use to punish prior vaccine objectors, including religious objectors. *Id.* And these records can and are being used against such objectors to date in areas such as assignments and promotions. *Id.*

---

[2] Manual for Court Martial, available at https://jsc.defense.gov/Portals/99/Documents/2019%20MCM%20(Final)%20(20190108).pdf?ver=2019-01-11-115724-610 (last accessed 3/1/2023).

[3] https://www.washingtontimes.com/news/2023/feb/28/pentagon-has-its-own-long-covid-problem-over-dropp/ (last accessed 3/1/2023).

3

Equally relevant to the mootness inquiry, the Executive Branch believes that Congress's direction to rescind the mandate was a "mistake," while nothing in the NDAA prevents the Government from instituting a new mandate. Defense officials also made clear that the repeal of the mandate will "unquestionably . . . create almost two classes of citizens in our services . . . Those that can't deploy and those that can deploy."[4]

Finally, new DoD and Air Force policies continue the illegal discrimination: DoD and the Air Force admit their intention to continue using vaccination status to make a wide range of decisions involving Plaintiffs and the class, while eliminating any ability to request religious accommodation.[5] Based on the Government's previous conduct, its failure to remedy the harms its illegal conduct has caused, its admissions before the panel in this case, and its public statements since stating it intends to deprive those refusing the vaccine the same status as those that do not, it

---

[4] Pentagon Unclear How Military Would Manage End of Mandatory COVID-19 Vaccines - USNI News, available at https://news.usni.org/2022/12/07/pentagon-unclear-how-military-would-handle-end-of-mandatory-covid-19-vaccines (last accessed 3/1/2023).

[5] Available at: https://media.defense.gov/2023/jan/10/2003143118/-1/-1/1/secretary-of-defense-memo-on-rescission-of-coronavirus-disease-2019-vaccination-requirements-for-members-of-the-armed-forces.pdf. (last accessed 3/1/2023).

clearly intends to treat Plaintiffs as second-class citizens who are prevented from advancing in their military careers.[6]

## SUMMARY OF THE ARGUMENT

On February 13, 2023, the Government filed a petition seeking rehearing *en banc* without any attempt at compliance with FRAP 35. Consequently, the preliminary injunctive relief obtained below and the panel decision affirming it should remain. And, even if the Government's petition were an appropriate procedure by which to argue mootness, the Government absolutely fails to meet its burden to establish mootness. First, nothing in the NDAA keeps the Government from re-imposing a similar mandate, only this time without the protections of any religious accommodation process. Second, the potential of adverse actions including court martials continue. Third, to the extent that the Government has taken voluntary steps to remedy some (but not all) of the effects of its discriminatory policy, voluntary cessation applies. Fourth, other mootness exceptions apply. Finally,

---

[6] During oral argument in *Doster*, the Court asked, "Is it the Executive Branch's position that you don't have to worry about RFRA until somebody sues?" The Government's counsel responded, "More or less, yes. RFRA itself is not a record review statute and does not require the government to take any particular process." Oral Argument at 18:38-18:55, *Doster v. Kendall*, No. 22-3497 (6th Cir. Jul. 25, 2022). Available at:
https://www.opn.ca6.uscourts.gov/internet/court_audio/aud2.php?link=audio/10-19-2022%20-%20Wednesday/22-3497%20Hunter%20Doster%20v%20Frank%20Kendall%20et%20al.mp3&name=22-3497%20Hunter%20Doster%20v%20Frank%20Kendall%20et%20al (last accessed 3/1/2023).

vacatur is not appropriate where, as here, the Government's voluntary actions are largely responsible for any mootness of its appeal.

## STANDARD OF REVIEW

FRAP 35 states "[a]n *en banc* hearing or rehearing is not favored and ordinarily will not be ordered unless: (1) *en banc* consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Here, the panel decision was not in conflict with other decisions of this Court, and thus the first ground for *en banc* review is not present. Similarly, it can hardly be argued that mootness issues rise to the level of "exceptional importance." Thus, the FRAP 35 requirements are not met.

With respect to mootness, the Government bears the burden of demonstrating it applies. *West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022) ("the Government, not petitioners, bears the burden to establish that a once-live case has become moot."). In fact, a case "becomes moot **only when it is impossible** for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U. S. 165, 172 (2013) (emphasis added). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* Further, promises of future corrective action are not sufficient, complete relief must be received to establish mootness. *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1138 (9th

Cir. 2016); *Wooten v. Housing Authority of Dallas*, 723 F.2d 390, 392 (5th Cir. 1983).

## ARGUMENT

**I.    The appeal is not moot because some Plaintiffs and class members face ongoing criminal exposure due to non-compliance with orders to vaccinate**

Under the "collateral consequences" exception, when the plaintiff's primary injury has ceased, the case is not moot if the challenged conduct continues to cause other harm the court is capable of remedying. *Sibron v. New York*, 392 U.S. 40, 53-59 (1968). A continuing collateral consequence is one that provides the plaintiff with a "concrete interest" in the case and for which "effective relief" is available. *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 571 (1984).

Here, the plaintiff's primary injury was the existence of a discriminatory accommodation process, the punishments inflicted on those refusing the vaccine for religious reasons, and for those pushed out, any less-than-honorable discharges. Even assuming all these primary harms were remedied, which they were not, collateral consequences still remain. For example, certain named Plaintiffs and class members received orders to vaccinate in 2021 and 2022, and they did not comply. Each remains subject to criminal prosecution at any time during the full five-year statute of limitations. 10 U.S.C. § 843. Adding to the threat, the Air Force is purposefully maintaining a database to potentially take such action in the future.

The current injunction, and requested relief in final judgment, continues to protect these plaintiffs from prosecution. Thus, on this ground alone, the appeal is not moot. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764 (9th Cir. 2006) (violation of repealed statute does not foreclose relief if the statute was violated); *Bowman v. Schwarzenegger*, 2009 U.S. Dist. LEXIS 24678 (ED Cal 2009) (same); *Dean Foods Co. v. Tracy*, 990 F. Supp. 646 (W.D. Wis. 1997) (claim not moot where enforcement possible); *Bennie v. Munn*, 822 F.3d 392 (8th Cir. 2016) (same); *Ctr. for Individual Freedom v. Tennant*, 706 F.3d 270, 293 (4th Cir. 2013) (possibility of enforcement for past violation rendered matter not moot); *Ramsek v. Beshear*, 989 F.3d 494, 500 (6th Cir. 2021) (no mootness until criminal statute of limitations runs).

## II.     The appeal is not moot because the voluntary cessation doctrine applies

The plain language of the relevant portion of the NDAA (§ 525, pages 177-178) provides:

> Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members."[7]

---

[7] Available at: https://www.congress.gov/117/bills/hr7776/BILLS-117hr7776enr.pdf  (last accessed 3/1/2023).

Without question, the NDAA <u>only</u> required rescission of the existing Vaccine Mandate. The NDAA does not prevent the Government from re-imposing another vaccine mandate (even an identical one) at a later date, it does not require halting separations for refusing airmen (particularly where the Government continues to insist the orders were lawful), it does not require the removal of adverse actions taken against refusing airmen, it does not bar criminal prosecutions for refusing airmen, and it does not require rectifying any other harms.

Further, the Secretary's January, 2023 Memorandum contains his continued insistence/boast that everything the Government did was lawful, which demonstrates a return to past (illegal) practices is still a danger.[8]

"A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). "If it did, the courts would be compelled to leave 'the defendant . . . free to return to his old ways.'" *Id., citing City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

As the United States Supreme Court observed in *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013):

> We have recognized, however, that a defendant cannot automatically moot a case simply by ending its unlawful

_____

[8] Available at: https://media.defense.gov/2023/jan/10/2003143118/-1/-1/1/secretary-of-defense-memo-on-rescission-of-coronavirus-disease-2019-vaccination-requirements-for-members-of-the-armed-forces.pdf

conduct once sued. Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends.

Given this concern, our cases have explained that a defendant claiming that its voluntary compliance moots a case bears the **formidable burden** of showing that it is **absolutely clear** the allegedly wrongful behavior could not reasonably be expected to recur.

*Id., citing Friends of the Earth, Inc.*, 528 U.S. 167 at 190. (emphasis added).

In *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017), the Supreme Court held that a government actor's voluntary change in policy does not moot a case. Here, not only does the Government not promise to "never do it again," but in light of the Secretary's boast, there is significant reason to believe the Government will do it again.

The Government argues this is not a voluntary cessation case because Congress required rescission of the Vaccine Mandate. The Government ignores the fact the NDAA did not require halting adverse actions against refusing airmen, or require removing adverse actions from their records. Rather, the Government voluntarily promised to do certain of those things at an unspecified future date. And, the NDAA does not prohibit reimposition of the same policy.

Significant to the voluntary cessation issue, the Secretary voluntarily directed certain (carefully crafted) actions not required by the NDAA:

> No individuals currently serving in the Armed Forces shall be **separated solely** on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds. ... **Other standing Departmental policies, procedures, and processes regarding immunizations remain in effect**. These include the ability of commanders to consider, as appropriate, the individual immunization status of personnel in making deployment, assignment, and other operational decisions, including when vaccination is required for travel to, or entry into, a foreign nation. *Id.*

The Secretary's mere temporary lifting of the Vaccine Mandate does not come close to meeting the Government's "formidable" burden. The Government has "neither asserted nor demonstrated that [they] will never resume the complained of conduct" despite numerous opportunities to do so. *Norman-Bloodsaw v. Lawrence Berkely Lab.*, 135 F.3d 1260, 1274 (9th Cir 1998); *Cf. United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 n.* (2018) (holding "the rescission of the policy does not render this case moot").

The Government could have and should have confirmed it will not reimpose the vaccine mandate. Instead, the Government "vigorously defend[s]" the legality of its approach. *Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U. S. 701, 719 (2007). In such circumstances, courts do not dismiss a case as moot. *See City of Mesquite*, 455 U. S. 283, 288-289.

Courts take into account the totality of the circumstances surrounding the voluntary cessation, including the manner in which the cessation was executed.

*Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019).  Where, as here, "the discretion to effect the change lies with one agency or individual, or there are no formal processes required to effect the change, significantly more than the bare solicitude itself is necessary to show that the voluntary cessation moots the claim." *Id.*  Steps taken in the midst of litigation to remove and/or temporarily discontinue certain, but not all, adverse actions are entitled to no weight whatsoever.  *See A. Philip Randolph Inst. v. Husted*, 838 F.3d 699, 713 (6th Cir. 2016), *rev'd on other grounds*, 138 S. Ct. 1833 (2018); *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 342-43 (6th Cir. 2007).

And, most important to the mootness inquiry is the fact that the Government "vigorously defend[] the constitutionality of its … program." *Schlissel*, 939 F.3d 756 at 770, *citing Parents Involved in Cmty. Sch.*, 551 U.S. 701, 719.  This "authority to reinstate [the challenged policies] at any time" by officials "with a track record of 'moving the goalposts'" subjects Plaintiffs to a credible threat of a reimposed, and just as discriminatory, vaccine mandate. *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021).

Indeed, even applying the more relaxed standard sometimes used when the defendant is a government actor, voluntary cessation still applies.  In such cases, "(1) the absence of a controlling statement of future intention [not to repeat the challenged policy]; (2) the suspicious timing of the change; and (3) the

12

[governmental entity's] continued defense of the challenged polic[y]" are significant. *Speech First,* 979 F.3d at 328. All of these factors are met here.

First, the Government could have promised *not* to reimplement the policy, but did not do so. Second, the Government continues to defend the repealed policy, publicly stating that its Vaccine Mandate is and was a lawful order. Third, and just recently, the Government testified before Congress that airmen continue to face adverse action for their refusals. Even under a more relaxed standard, the appeal is not moot.

Finally, the Supreme Court holds that in addition to a court retaining the ability to hear a case after voluntarily cessation, "the court's power to grant injunctive relief survives discontinuance of the illegal conduct." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). "The necessary determination is that there exists some cognizable danger of recurrent violation…." *Id.* That is the case here.

### III.    The appeal is not moot because other mootness exceptions apply

The capable of repetition yet evading review exception applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007). Both requirements are present here.

First, given the rapidly changing COVID-19 landscape and the changes in policy throughout the DoD, the duration of the Vaccine Mandate was likely going to be "too short to be fully litigated prior to cessation or expiration." *See Kingdomware Tech., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (two years is too short); *Turner v. Rogers*, 564 U.S. 431, 440 (2011) (12 months is too short); *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 774 (1978) (18 months is too short); *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911) (two years is too short); *Roe v. Wade*, 93 S. Ct. 705 (1973) (266 days is too short). Under the first element, a case evades review if its duration is too short to receive "complete judicial review," including review by the Supreme Court. *First Nat'l Bank of Bos.*, 435 U.S. 765, 774.

When analyzing the second element, courts are concerned with whether the conduct was "*capable* of repetition and not … whether the claimant had demonstrated that a reoccurrence of the dispute was more probable than not." *Honig v. Doe*, 484 U.S. 305, 318 n.6 (1988). Plaintiffs just need to show "a reasonable expectation" that the challenged action will reoccur and do *not* need to demonstrate with "mathematical precision" that they will be subject to the same illegal conduct. *Id.* In *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63 (2020), the Supreme Court held that a church's First Amendment challenge to New York's COVID-19 lockdown orders was not moot because the lockdown orders were

14

capable of repetition, yet evading review. The church "remain[ed] under a constant threat" the government would reinstitute a lockdown in its area. *Id.* at 68. Because the challenged action was too short in duration to be fully litigated prior to cessation, and there was a reasonable expectation the church would be subject to the same action in the future, the case was not moot. *Id.*

Here, Plaintiffs have a reasonable expectation the challenged action will recur. The NDAA only forced the Government to rescind the Vaccine Mandate. Consequently, the Government continues to claim the power to make decisions about unvaccinated airmen that will unlawfully harm their careers, while providing no assurances that they will not continue to violate RFRA. The Government also claims the power to institute an identical and more widespread vaccine mandate at any time, and it continues to assert a compelling interest in doing so. And, it also claims the power to punish past objectors because the order to vaccinate, allegedly, was "lawful." The capable of repetition exception is met.

Further, as a certified class action, the picking off exception would apply here. *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339 (1980) (picking off exception); *Blankenship v. Secretary of HEW*, 587 F.2d 329, 331-33 (6th Cir. 1978). That is, if any member of the class continues to suffer harm or could do so (and we have demonstrated they do), the appeal is not moot.

**IV.    Vacatur is not appropriate where, if the case is moot at all, it was caused by the Government's voluntary conduct**

As the Supreme Court explained in its *Munsingwear* line of cases, "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994); *see also United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950). The *Munsingwear* doctrine serves to prevent a lower-court judgment from having preclusive effect when the merits are unable to be considered on appeal.  Here, however, the merits were considered on appeal.  And, because this matter is not moot, they still can be.

 More importantly, vacatur is inapplicable here because "equity does not support vacatur when the losing party is the cause of a case becoming moot." *Ramsek,* 989 F.3d 494, 500-501, *citing U.S. Bancorp Mortg. Co.*, 513 U.S. at 25. Even if this matter were moot, it only could be considered moot because the Government voluntarily rectified all the harms/adverse actions it previously took against Plaintiffs.  In these circumstances, "it would be unfair to then reward [the Government] by vacating the district court's preliminary injunction ruling [and the panel decision], which [the Government] asserts is harmful to [its] interests."  *Id.* "The denial of vacatur is merely one application of the principle that '[a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.'" *Id.*, *citing Sanders v. United States*, 373 U.S. 1, 17 (1963).  "[The Government], in other words, cannot use [their] withdrawal of [adverse actions] as both a shield to

16

defend (on mootness grounds) against [Plaintiffs'] request that we affirm the preliminary injunction, and then as a sword to strike it down through vacatur of the decision in the district court." *Id.* If this appeal is moot at all (and we contend it is not), the Government's actions rendered it so, and thus it is not entitled to vacatur. *Id.*

## <u>Conclusion</u>

Normally, where an intervening event arises that might arguably moot the necessity of preliminary injunctive relief, the remedy is to seek dissolution or vacatur on grounds of mootness in the district court and, in that instance, a factual record can be created. But that is not what the Government has done here. Instead, it improperly seeks *en banc* review. The petition meets neither of the criteria under FRAP 35. As to mootness, given the specter of potential additional adverse action, a lack of a promise not to impose the mandate the again, and testimony by top DoD officials that the Government intends to punish at least some vaccine objectors for not complying, the Government's contentions about mootness are wrong. It's petition for *en banc* review should be denied.

Respectfully submitted,

Christopher Wiest (OH 77931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
Tel:   513/257-1895
chris@cwiestlaw.com

Thomas B. Bruns (OH 51212)
Bruns Connell Vollmar & Armstrong
4555 Lake Forrest Drive, Suite 330
Cincinnati, Ohio 45241
Tel.:   513/312-9890
tbruns@bcvalaw.com

17

Aaron Siri
Elizabeth A. Brehm
Wendy Cox
Siri and Glimstad LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel:   212/532-1091
aaron@sirillp.com
ebrehm@sirillp.com
wcox@sirillp.com
*Counsel for Plaintiffs/Appellees*

## CERTIFICATE OF SERVICE

I have served the foregoing upon the Defendants/Appellees, by electronic mail to their counsel, and through service of this Response via CM/ECF, this 13 day of March, 2023.

*/s/Christopher Wiest_____*
Christopher Wiest (OH 77931)

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(g) and 6th Cir. R. 32(a), I certify that this Response contains 3,899 words. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 14-point Times New Roman font using Microsoft Word.

/s/ Christopher Wiest_____

18