**Nos. 22-3497, -3702**

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

HUNTER DOSTER, et al., on behalf of themselves and others similarly situated,

Plaintiffs–Appellees,

*v.*

FRANK KENDALL, et al.,

Defendants–Appellants

---

On Appeal from the United States District Court
for the Southern District of Ohio

---

## BRIEF OF AMICUS AIR FORCE OFFICER

**in support of Plaintiffs–Appellees in Opposition to Petition for Panel Rehearing
or Rehearing En Banc**

---

Stephen M. Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

*Counsel for Amicus Air Force Officer*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... ii

IDENTITY AND INTEREST OF AMICUS CURIAE............................................1

ARGUMENT…………………………………………………….................3

    A. The injunction protects Air Force Officer and other class members from potential UCMJ punishment and further adverse action for COVID-19 vaccine "refusal"…………………………………………………… 3

    B. As the first airman to receive an injunction, Air Force Officer is just one example of a class member with a concrete interest in the outcome of this case………………………………………………………………….5

CONCLUSION…………………………………………………….....8

## TABLE OF AUTHORITIES

Cases

*Air Force Officer v. Austin*, No. 5:22-cv-00009-TES …………….…………1,2,3,6

*Air Force Officer v. Austin*,

    2022 WL 468030 (M.D. Ga. Feb. 15, 2022)……………………………......1

*Air Force Officer v. Austin*,

    588 F. Supp. 3d 1338 (M.D. Ga. 2022) ………………………………1,2,5,6

*Air Force Officer v. Austin*, No. 22-11200 (11th Cir.)…………………………1,2,6

*Chafin v. Chafin*, 568 U.S. 165 (2013) …………………………………………….5

*Doster v. Kendall*,

    2022 WL 2974733 (S.D. Ohio July 27, 2022) …………………………...6

*Doster v. Kendall*,

    2022 WL 3576245 (S.D. Ohio Aug. 19, 2022) …………………………….6

*Doster v. Kendall*, 54 F.4th 398 (6th Cir. 2022) …………………………………...6

*Hrivnak v. NCO Portfolio Mgmt., Inc.*,

    719 F.3d 564 (6th Cir. 2013) …………………………………………….5

*Navy Seal 1 v. Austin*, 588 F. Supp. 3d 1276 (M.D. Fla. 2022) …………………...4

## IDENTITY AND INTEREST OF AMICUS CURIAE[1]

Service member amicus "Air Force Officer" is a member of the certified class in this case, benefits from the class-wide injunction, and opposes the Air Force's petition for panel rehearing or rehearing en banc. Air Force Officer is the original plaintiff in a case pending in the United States District Court for the Middle District of Georgia, *Air Force Officer v. Austin*, No. 5:22-cv-00009-TES, and the Eleventh Circuit Court of Appeals, No. 22-11200. The district court granted her leave to proceed under a pseudonym, "Air Force Officer."[2] *Air Force Officer v. Austin*, 2022 WL 468030 (M.D. Ga. Feb. 15, 2022).

In December 2021, Air Force Officer received a final denial of her request for religious accommodation regarding the military's COVID-19 vaccine mandate. She is thus a member of the class in this case. She believes she was one of the first airmen, in the entire Air Force, to receive a final denial.

She filed the *Air Force Officer* case in January 2022, seeking, *inter alia*, an injunction against enforcement of the mandate. In February 2022, the district court granted a preliminary injunction in her favor, individually, against the Air Force. *Air*

---

[1] All parties consented to the filing of this brief. No party's counsel authored the brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting the brief; and no person—other than Amicus or her counsel—contributed money that was intended to fund preparing or submitting the brief.

[2] Air Force Officer is willing to provide her legal name to this Court under seal for *in camera* review, if the Court so requests.

*Force Officer v. Austin*, 588 F. Supp. 3d 1338 (M.D. Ga. 2022). The court "easily f[ound] that the Air Force's process to protect religious rights is both illusory and insincere." *Id.* at 1344. The "religious accommodation process . . . proved to be nothing more than a quixotic quest." *Id.* Air Force Officer was the first airman to obtain any injunction against enforcement of the COVID-19 vaccine mandate.

In April 2022, the Air Force appealed the injunction to the Eleventh Circuit, *Air Force Officer*, No. 22-11200. In that appeal the parties identified the present case as a related or similar case. Following issuance of the class-wide preliminary injunction in this case, the Middle District of Georgia and the Eleventh Circuit both stayed proceedings in *Air Force Officer*. *Air Force Officer*, No. 5:22-cv-00009-TES (M.D. Ga.), ECF No. 124 (Aug. 5, 2022); No. 22-11200 (11th Cir.), Order (Aug. 24, 2022). As the district court held in its stay order, Air Force Officer and her later-added co-plaintiffs were "completely protected" under the *Doster* class-wide injunction. *Air Force Officer*, No. 5:22-cv-00009-TES (M.D. Ga.), ECF No. 124 at 2.

Air Force Officer submits that this brief will assist the Court to more fully understand that the claims of class members including Air Force Officer are not moot, that Air Force Officer and other class members have a concrete interest in the outcome of this case, and that the Court should deny the Air Force's petition for

rehearing and the Air Force's request to vacate the panel decision and class-wide injunction.

## **ARGUMENT**

**A.    The injunction protects Air Force Officer and other class members from potential UCMJ punishment and further adverse action for COVID-19 vaccine "refusal".**

The claims of class members, including Air Force Officer, are not moot. Air Force Officer received a final denial of her religious accommodation request following her appeal of the initial denial. *Air Force Officer v. Austin*, No. 5:22-cv-00009-TES (M.D. Ga.), ECF No. 2-16. When she received the final denial, the Air Force told her that she was subject to punishment under the Uniform Code of Military Justice (UCMJ). *Air Force Officer*, No. 5:22-cv-00009-TES (M.D. Ga.), ECF No. 2-2 at 5, No. 2-17 at 3. To date, months after rescission of the vaccine mandate, the Air Force has never withdrawn that threat of punishment.

The Air Force continues to insist that the vaccine mandate was a lawful order, that service members who had religious objections to it violated a lawful order, and that adverse actions against them were "appropriate" and "equitable." *See*, *e.g.*, Feb. 24, 2023 Air Force voluntary rescission guidance, ECF No. 61 at 12 ("At the time the [adverse] actions were taken, they were appropriate, equitable and in accordance with valid lawful policy in effect at the time…"). The present injunction protects Air

Force Officer and other class members from further adverse actions for their past objections to the mandate.

Indeed, the Air Force still considers Air Force Officer to be a COVID-19 vaccine "refus[er]"; it currently lists her COVID-19 vaccine status as "Admin (Refusal)," even though the vaccine mandate was rescinded months ago. Specifically, this is how the Air Force currently reports her personal COVID-19 immunization status:



| Immunizations | | | |
|---|---|---|---|
| **Immunization** | **Series** | **Date** | **Next Due** |
| COVID-19 | 0 | 4 Feb 2022 | Admin (Refusal) |

The military broadly employs this "refusal" terminology in other contexts as well. For example, the Department of Defense's January 10, 2023 rescission order and the Air Force's February 24, 2023 voluntary rescission guidance both refer to members' vaccine "refusal." RE100-1, PageID #5169-5170; ECF No. 61 at 12-14. In all these specific contexts, such language is "tellingly offensive" and evidences the Air Force's intention to continue to treat religious objectors as "outcast[s] subject to shunning" to the extent possible. *See Navy Seal 1 v. Austin*, 588 F. Supp. 3d 1276, 1283 (M.D. Fla. 2022) ("The term 'refusers' is a tellingly offensive term that the defendants must employ no further in this court. A RFRA claimant is not a 'refuser,' not an outcast subject to shunning.").

4

The mandate rescission and guidance do not provide protection against all adverse actions against objectors, whom the Air Force continues to view with opprobrium. The present injunctive relief prevents the Air Force from taking adverse action against Air Force Officer and her fellow class members.

**B.    As the first airman to receive an injunction, Air Force Officer is just one example of a class member with a concrete interest in the outcome of this case.**

"As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 569 (6th Cir. 2013) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). Air Force Officer is just one notable example of a class member who has a significant, concrete interest in the outcome of *Doster*. Absent injunctive relief, she and all other class members may still be subject to the Air Force's attempts to punish them under the UCMJ or otherwise, and the Air Force still considers them to be vaccine "refus[ers]," as discussed above.

In February 2022, Air Force Officer, individually, obtained the first-in-the-nation injunction against the Air Force enjoining enforcement of the COVID-19 vaccine mandate. *Air Force Officer v. Austin*, 588 F. Supp. 3d 1338 (M.D. Ga. 2022). The Middle District of Georgia "easily f[ound] that the Air Force's process to protect religious rights is both illusory and insincere." *Id.* at 1344. The injunction, *inter alia*, prohibited the Air Force from "forcing her to retire early" for objecting to the

5

vaccine. *Id.* at 1357. The Air Force appealed the injunction to the Eleventh Circuit Court of Appeals. *Air Force Officer*, No. 22-11200 (11th Cir.).

In July 2022, the Southern District of Ohio issued the class-wide injunction in *Doster*, affording broad relief to all class members. *Doster v. Kendall*, 2022 WL 2974733 (S.D. Ohio July 27, 2022). *See also Doster v. Kendall*, 2022 WL 3576245 (S.D. Ohio Aug. 19, 2022) (modifying class-wide injunction); *Doster v. Kendall*, 54 F.4th 398, 405 (6th Cir. 2022) (affirming modified class-wide injunction). Air Force Officer is a *Doster* class member, and her co-plaintiffs in *Air Force Officer* (who were added to that case after Air Force Officer obtained her preliminary injunction) are likewise class members. As such they have benefitted from the class-wide injunction and stand to continue to benefit from it.

In light of the class-wide relief afforded in *Doster*, Air Force Officer's case is currently stayed at both the District Court and Circuit Court levels. *See Air Force Officer*, No. 5:22-cv-00009-TES (M.D. Ga.), ECF No. 124 (Aug. 5, 2022); No. 22-11200 (11th Cir.), Order (Aug. 24, 2022). As the Middle District of Georgia held in its August 2022 stay order, "At this time, all Plaintiffs are completely protected from receiving the COVID-19 vaccine or other adverse actions… by the preliminary relief granted in the Southern District of Ohio." *Air Force Officer*, No. 5:22-cv-00009-TES (M.D. Ga.), ECF No. 124 at 2.

6

While the Air Force has sought to dismiss or vacate *Doster* and other related cases and appeals as moot (*see* ECF No. 61 at 1, 4-5, 7), to date the Air Force has conspicuously taken no action to try to dismiss or vacate the *Air Force Officer* case or appeal as moot. Air Force Officer's claims underlying her individual injunction are especially compelling. But she and other class members are more protected from further adverse action pursuant to a class-wide injunction, compelling the Air Force to afford broad, systemic, class-wide relief, than they could achieve merely on an individual basis.

Again, absent injunctive relief,[3] Air Force Officer and her fellow class members may still be subject to the Air Force's attempts to punish them under the UCMJ or otherwise, and the Air Force still considers them to be vaccine "refus[ers]." Class-wide relief has been and will continue to be the most effective protection, for Air Force Officer and the class as a whole, against further adverse action.

---

[3] Even if Air Force Officer did not need continued injunctive relief at this time, Air Force Officer's claims are not moot, because the voluntary-cessation doctrine, for example, renders them not moot, just as it renders the claims of the class, as a whole, not moot. See *Doster* plaintiffs' response to petition for rehearing.

## **CONCLUSION**

This case is not moot. The Court should deny the Air Force's petition for rehearing and the Air Force's request to vacate the panel decision and class-wide injunction.


Dated: March 14, 2023


/s/ Stephen M. Crampton
Stephen M. Crampton
THOMAS MORE SOCIETY
PO Box 4506
Tupelo, MS 38803
(662)255-9439
scrampton@thomasmoresociety.org

*Counsel for Amicus Air Force Officer*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the word limit of Fed. R. App. P. 29(b)(4)

because, excluding the parts of this documents exempted by Fed. R. App. P. 32(f),

this document contains 1,675 words.

2.      This document complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this

document has been prepared in a proportionally spaced typeface using Microsoft

Word in 14-point Times New Roman font.

/s/ Stephen M. Crampton
Counsel for Amicus

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, the foregoing brief was filed via the Court's CM/ECF system to be served by operation of that system on all counsel of record.

/s/ Stephen M. Crampton
Counsel for Amicus